# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| George John Gearing, | CASE NO. 1:18 CV 2841 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| Vs. | |
| Commissioner of Social Security, | **Memorandum of Opinion and Order** |
| Defendant. | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. 15)("R&R"), recommending that the decision of the Commissioner be VACATED and this matter REMANDED for further proceedings. Defendant filed an objection to the R&R. For the reasons that follow, the R&R is REJECTED with respect to the Step Five analysis and AFFIRMED in all other respects. The decision of the Commissioner is AFFIRMED.

## STANDARD OF REVIEW

When objections are made to a Magistrate Judge's Report and Recommendation, the

1

district court reviews the case de novo. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> The district judge must determine de novo any part of the
> magistrate judge's disposition that has been properly objected to.
> The district judge may accept, reject, or modify the recommended
> disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

Here, the Court notes that it will apply the de novo standard of review to the objection raised by the government. The Court reviewed for clear error those parts of the R&R to which no party objected. Having done so, the Court finds no clear error and, therefore, proceeds to a de novo review solely with respect to the government's objection.

## **ANALYSIS**

The government objects to the Magistrate Judge's recommendation that substantial evidence does not support the Administrative Law Judge's ("ALJ") determination that plaintiff is capable of performing a significant number of jobs in the national economy. The decision is based on the testimony of the vocational expert ("VE"). The VE testified as follows:

> Q. Okay. Would there be other jobs that the hypothetical individual could perform and, if so, could you give me several demonstrative examples?
>
> A. There are positions that would meet the hypothetical. One second. Examples that would fit this hypothetical include electronics assembler, DOT 723.687-010, sedentary, unskilled, SVP 2, nationally approximately 70,000.
>
> Charge account clerk DOT 205.367-014, sedentary, unskilled, SVP 2, nationally approximately 70,000.
>
> Bench assembler, DOT 713.687-026, sedentary, unskilled, SVP 2, nationally approximately 100,000. These are examples that fit your hypothetical.

Later, upon cross-examination, the VE testified as follows:

> Q. It's correct that in responding to the Judge's hypothetical questions that you testified based upon current data?
>
> A. Yes, sir.

According to the R&R, the VE's testimony was "based on 2018 data," and not data from the relevant time period. Here, the R&R indicates that the relevant time period is March 31, 2013, *i.e.*, the claimant's "date last insured." Because the data is from 2018 and not from 2013, the R&R recommends finding that the ALJ's decision is not supported by substantial evidence.

Upon review, the Court disagrees with the R&R and finds the objection by the government to be well-taken. The R&R characterizes the VE's testimony as pertaining to 2018. But, the VE testified only that the data relied upon is "current." There is nothing in the record suggesting that the "current" data was actually compiled in 2018. Nor is there any evidence suggesting how frequently data is updated or that the data relied upon was not also applicable to 2013. Moreover, the VE knew of the plaintiff's "date last insured" because the VE attended the hearing by phone. (Tr. 526, 531, 538). Regardless, it would be reasonable to interpret the VE's testimony to mean that the VE relied on "current data," as opposed to "outdated data," *i.e.*, data pre-dating the alleged onset date. This is especially so in that ALJs make disability determinations based on a period of time, not a one-day snapshot.[1] The Court finds that the ALJ's reliance on the VE's use of "current" data supports a finding that substantial evidence exists to show that plaintiff is capable of performing a significant number of jobs in the national economy.    Regardless, the Court agrees with the government that, to the extent the

---

[1] By way of example, the availability of jobs fluctuates on a constant basis, but data is not necessarily compiled instantaneously. Thus, whatever "data" is applied is unlikely to be perfectly representative of the availability of jobs on one particular day.

testimony is arguably ambiguous, any error on the ALJ's reliance thereon is harmless. To the extent the testimony could be construed to mean that the data was actually compiled on the date of the hearing, the data shows that a total of 240,000 jobs exist. As noted by the government, the Sixth Circuit has held that as few as 2,000 jobs constitute a "significant number." *Nejat v. Comm'r of Soc. Sec.*, 359 Fed.Appx. 574, 579 (6 th Cir. 2009)(2,000 jobs is sufficient to a finding of non-disability). It defies basic logic that just five years earlier fewer than 2,000 of those jobs existed. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir. 2005) (citation omitted). *See also Kobetic v. Comm'r of Soc. Sec.*, 114 Fed. App'x 171, 173 (6th Cir. 2004 )(When "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game.").

**CONCLUSION**

For the foregoing reasons, the court REJECTS the R&R with respect to the Step Five challenge. The Court ADOPTS the remainder of the R&R in total. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Dated: 10/24/19          Chief Judge

4